**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KIMBERLY A. MAXSON,<br><br>            Plaintiff(s),<br><br>vs.<br><br>MOSAIC SALES SOLUTIONS US<br>OPERATING COMPANY, LLC,<br><br>            Defendant(s). | Case No. 2:14-cv-02116-APG-NJK<br><br>**ORDER DENYING *EX PARTE*<br>MOTIONS**<br><br>(Docket Nos. 45-46) |

      Pending before the Court are two *ex parte* motions filed by Plaintiff, who is appearing in this case *pro se*. Docket Nos. 45, 46. The first motion seeks an order for fee accommodations regarding discovery. Docket No. 45. The second motion seeks an order for free Pacer usage. Docket No. 46. For the reasons discussed below, the motions are hereby **DENIED**.

      Plaintiff has been bombarding the Court with filings, including several made on an *ex parte* basis. The Court previously outlined for Plaintiff the applicable standards for seeking relief on an *ex parte* basis. *See* Docket No. 30 (denying *ex parte* motion). The Court will expound on the applicable standards so that Plaintiff can better ensure moving forward that she is not improperly filing documents on an *ex parte* basis.

      The adversarial process requires thoughtful, developed argument by both parties explaining what the parties' competing positions are, the factual basis for those positions, and the legal authority supporting the relief sought. The Court's procedural system is designed to enable a full and fair evaluation of the merits of arguments. The parties generally develop and present their adverse positions through written motions and briefs. *See, e.g.*, Local Rule 7-2(a). The Local Rules for this District foster that adversarial

process by providing a schedule for briefing motions that provides parties with a vehicle to present their competing positions in a meaningful fashion. For most motions, the Court provides 14 days to file a response opposing a motion and another 7 days to file a reply brief. *See* Local Rules 7-2(b), 7-2(c). When the Court believes further exploration of the legal or factual issues would be beneficial, it sets a hearing at which time the parties are permitted to further develop their positions or address new concerns raised by the Court. *See* Local Rule 78-2. These procedures are in place so that both parties have the opportunity to present their positions to the Court, which in turn gives the Court the ability to weigh their competing arguments to render a decision.

A court functions best when this adversarial process is not impeded. In filing a request for relief on an *ex parte* basis, however, notice of that request (and the legal and factual basis for that request) is not provided to the opposing party. The adversarial process is completely debilitated. The Court is presented with argument by only one party, and the opposing party is deprived of its opportunity to weigh in on the pending dispute. This is unfair to the opposing party.[1] It also leaves the Court without the benefit of receiving an opposing point of view before rendering a decision.

Courts do not deviate from the adversarial system without very good reason for doing so. *Ex parte* requests for relief are disfavored. *See, e.g.*, *United States v. Thompson*, 827 F.2d 1254, 1257 (9th Cir. 1987). "Given the value our system places on the adversarial process, it is not surprising that the opportunities for legitimate ex parte applications are extremely limited." *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989). The Local Rules for this District make clear that *ex parte* motions are only permitted when the movant establishes "compelling reasons" for not providing notice to

---

[1] Even where the opposing party has not yet appeared in the case, concerns remain that animate very strict standards for seeking *ex parte* relief. *Cf.* Fed. R. Civ. P. 65(b)(1) (allowing *ex parte* issuance of a temporary restraining order only upon a showing that immediate and irreparable injury will occur if notice is provided to the opposing party). At the very least, the opposing party should generally be able to review the basis for relief previously sought and/or granted by the Court once it enters the case. *Cf.* Fed. R. Civ. P. 65(b)(4). The opposing party in this case did not have notice of the pending *ex parte* motions, and may not ever receive any notice about them and the resulting decision were the Court to treat them on an *ex parte* basis. *See, e.g.*, Docket No. 64 at 3 n.1. The Court jeopardizes its integrity if a party enters a case to find gaps in the docket that suggest *ex parte* rulings on motions to which it was not provided notice and is not subsequently given access.

the opposing party. *See* Local Rule 7-5(c). This "compelling reasons" standard is a stringent one that is not easily met. Generally speaking, meeting the "compelling reasons" standard requires a showing that either (1) providing notice to the opposing party would enable it to frustrate the movant's ability to obtain relief or (2) the temporal urgency of the matter is such that immediate and irreparable harm would occur if there is any delay in obtaining relief. *See, e.g.*, *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 490 (C.D. Cal. 1995). Such circumstances must be shown with particularized detail concurrently with the filing of the *ex parte* request, and a certification should generally be made through a declaration specifying the reasons why notice to the opposing party is not possible. *See* Local Rule 7-5(b).

In short, *ex parte* requests for relief are inherently unfair and pose a threat to the administration of justice.[2] The Court greets such requests with skepticism and requires a significant showing that relief should be granted without notice or an opportunity for the opposing party to be heard.

The pending motions are not properly brought in an *ex parte* manner. The motions seek relief from various costs associated with litigating a case in federal court, and they simply do not fall within the extremely limited circumstances in which *ex parte* requests should be entertained by a court. The Court finds it improper to address the merits of those motions in secret. As a result, the Court will not address the substance of the motions and they are hereby **DENIED**. To the extent Plaintiff continues to seek the relief requested, she must file the motions in accordance with the rules of this Court and provide notice of them to Defendant's counsel.

In addition, the Court has outlined above the extremely limited circumstances in which the filing of an *ex parte* request is proper. The Court expects Plaintiff to refrain in the future from filing *ex parte* requests when the appropriate circumstances do not exist for such a filing. While the Court liberally

---

[2] There is another important consideration militating in favor of limiting *ex parte* requests. By their nature, *ex parte* requests are not made available to the public. The Ninth Circuit has held that there is a strong presumption of public access to judicial files and records. *See, e.g.*, *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). In light of that presumption, the Court has a duty to "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179. Parties seeking to maintain the confidentiality of documents attached to nondispositive motions must show good cause exists to overcome the presumption of public access. *See id.* Parties seeking to maintain the secrecy of documents attached to dispositive motions must show compelling reasons sufficient to overcome the presumption of public access. *Id.* at 1180.

construes the filings of *pro se* litigants, *see, e.g., Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), *pro se* litigants are not relieved from following applicable rules of procedure, including the Local Rule requiring a showing of compelling reasons for seeking relief on an *ex parte* basis, *see, e.g.*, *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

IT IS SO ORDERED.

Dated: July 29, 2015

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE