UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KIMBERLY A. MAXSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MOSAIC SALES SOLUTIONS HOLDING COMPANY LLC,<br><br>　　　　Defendant. | Case No. 2:14-cv-02116-APG-NJK<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION TO STRIKE**<br><br>(Dkt. #41, #49, #50, #54, #83, #87) |

Plaintiff Kimberly Maxson filed the amended complaint against her former employer Mosaic Sales Solutions Holding Company alleging that Mosaic discriminated against her based on a disability and retaliated against her by failing to consider her for other positions after she suffered an injury. She also contends that she was wrongfully terminated from her position at Mosaic because of her alleged disability. Mosaic moves to dismiss all of Maxson's claims. In response, Maxson moves to strike Mosaic's motion to dismiss. For the reasons set forth below, I grant Mosaic's motion to dismiss and deny Maxson's motion to strike. I grant Maxson leave to amend the complaint to cure the deficiencies outlined below.

**I.　BACKGROUND[1]**

Mosaic hired Maxson in October 2009 as a Merchandising/Field Specialist. (Dkt. #25 at 2.) According to Maxson, by the time of her injury in July 2010, her responsibilities had expanded beyond that of a Field Specialist and she was asked to become the Las Vegas Field Manager, "and to function as the 'Right Arm' for her direct supervisor." (*Id.* at 2-3.) The amended complaint does not describe the role or responsibilities of either a Field Specialist or Field Manager, but it appears that Maxson's job, at least in part, related to installing theater

---

[1] As discussed more fully below, the amended complaint contains numerous factual allegations that appear unrelated, and which are never tied, to any of the claims at issue here. In this section, I have tried to discern which allegations in the amended complaint are relevant to Maxson's claims against Mosaic.

"standees" for upcoming movie releases. (*See id.* at 4.) Maxson contends that she was an outstanding employee and was often asked to fix the work of other employees when their work did not meet company standards. (*Id.* at 3.)

Maxson alleges that in July 2010, she injured her knees while installing a theater standee for the movie "Tron." (*Id.* at 4.) She claims that she suffered the injury while assisting another injured employee who was unable to complete her work. (*Id.* at 4-5.) Maxson claims that Mosaic knew that the other employee had medical restrictions that made her unable to complete standee installations, but that it assigned the employee to the job anyway. (*Id.* at 3-4.) According to Maxson, she filed a workers' compensation claim for her knee injuries, alleging that the injury occurred because she was forced to complete the work of another employee.[2] (*Id.* at 5.) Maxson alleges that she also filed charges with the Nevada Equal Rights Commission ("NERC") and the Equal Employment Opportunity Commission ("EEOC").[3] (*Id.* at 9.)

Maxson asserts that she requested but was denied reasonable accommodation for her knee injuries in the weeks following her accident. (*Id.* at 5.) She claims Mosaic ignored her medical restrictions and continued to schedule her for work that exceeded her capabilities. (*Id.* at 8.) She also alleges that Mosaic refused to consider her for any other positions within Mosaic and that Mosaic was "an active co-conspirator in ensuring that plaintiff did not receive the necessary medical treatment for her bilateral knee injuries." (*Id.* at 9.)

According to Maxson, when she was terminated in April 2012, Mosaic claimed that she was among a larger group of employees who were terminated for failing to perform their work. However, Maxson alleges that she was terminated "specifically to conceal the true retaliatory motive of Plaintiff's wrongful termination" and that "[t]he discrimination and retaliation has

---

[2] The amended complaint contains numerous paragraphs detailing Maxson's workers' compensation claim and related treatment. It is unclear how any of these factual allegations is relevant to the claims at issue in this case.

[3] The amended complaint does not state when Maxson filed the NERC/EEOC charge, or what she alleged in the charge.

continued following [her] wrongful termination . . . and has caused [her] to be permanently disabled." (*Id.*)

## II.  LEGAL STANDARD

A properly pleaded complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. To survive a motion to dismiss, a complaint must "contain[ ] enough facts to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 696 (internal quotation and citations omitted).

District courts must apply a two-step approach when considering motions to dismiss. *Id.* at 679. First, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences from the complaint in the plaintiff's favor. *Id.*; *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247-48 (9th Cir. 2013). Legal conclusions, however, are not entitled to the same assumption of truth even if cast in the form of factual allegations. *Iqbal*, 556 U.S. at 679; *Brown*, 724 F.3d at 1248. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Iqbal*, 556 U.S. 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 663. Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotation and citation omitted). When the claims have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. "Determining whether a complaint states a plausible claim for relief

will . . . be a context-specific task that requires the [district] court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

### III.  ANALYSIS

Mosaic first contends that Maxson's amended complaint fails to state claims for relief. It argues that Maxson has not set forth sufficient factual allegations to support prima facie claims for retaliation or disability discrimination. It also contends that Maxson's wrongful termination claim is both barred by the statute of limitations and preempted by Nevada's Employment Practices statute. Mosaic further contends that all of Maxson's claims are barred by the Nevada Industrial Insurance Act's ("NIIA") exclusive remedy provision because all of the allegations are related to her workers' compensation claim. Finally, it argues that Maxson's amended complaint should be dismissed with prejudice because she previously had a chance to amend and because her claims are barred by the NIIA and therefore amendment would be futile.

In its motion to dismiss, Mosaic has attempted to identify what specific claims Maxson asserts in the amended complaint. It contends that Maxson appears to bring claims for: (1) employment retaliation under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.); (2) disability discrimination under the Americans with Disabilities Act of 1990 ("ADA") (42 U.S.C. § 12101 et seq.) based on a failure to accommodate; and (3) wrongful termination under Nevada law.

Maxson does not dispute Mosaic's characterization of her claims. Rather, in response Maxson moves to strike Mosaic's motion to dismiss. She argues that the motion must be stricken because it contains intentionally false and inconsistent statements that are contradictory to previously established facts, and the doctrine of judicial estoppel prevents Mosaic from asserting them. She further asserts that NIIA does not apply to her claims. Finally, she requests leave to file an amended complaint if Mosaic prevails on its motion to dismiss.

Rule 8 requires that a complaint contain "a short and plain statement" of the plaintiff's claims. The complaint must set forth coherently who is being sued, for what relief, and on what theory, with enough detail to guide discovery. *See, e.g., McHenry v. Renne*, 84 F.3d 1172, 1178

(9th Cir. 1995). Rule 8 is violated when a complaint is needlessly long, highly repetitious, confused, or comprised of incomprehensible rambling. *Cafasso v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011). Where multiple claims are brought, the complaint should make clear which factual allegations purport to give rise to each of the various causes of action. *See McHenry*, 84 F.3d at 1178. Allegations by a *pro se* litigant, like the ones here, are held to less stringent standards than formal pleading drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, *pro se* litigants must still follow the same rules of procedure as other litigants, including Rule 8. *See, e.g., Montgomery v. Las Vegas Metro. Police Dep't*, No. 12-CV-00817-MMD-NJK, 2014 WL 99295, *2 (D. Nev. Jan. 9, 2014) (*citing King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).

The vast majority of Maxson's amended complaint consists of factual allegations that appear completely unconnected to the claims at issue in this case. The amended complaint contains pages of allegations related to Maxson's workers' compensation claim, as well as allegations on what she refers to as "related civil legal actions" and "related criminal legal actions." (Dkt. #25 at 10-13.) However, the amended complaint does not present the allegations in a way that I am able to discern how these facts support any of Maxson's legal claims.

Additionally, the factual background section of the amended complaint contains numerous legal conclusions and conclusory statements which are untethered to any specific factual allegation or to any of Maxson's specific claims of retaliation, disability discrimination, or wrongful termination. For example, she alleges that:

> The more Plaintiff engaged in protected activities and stood up for her legal rights and the more violations and wrongdoings committed by defendant Mosaic were exposed, the more discrimination and retaliation were inflicted on Plaintiff.

(*Id.* at 7.) Maxson also alleges:

> The message to Plaintiff and other employees that stand up for their legal rights and the rights of others is clear, complain about discrimination or engage in protected activity and whistleblowing and the organized criminal network that defendant Mosaic has been a conspirator of will seek to destroy the complainant and her entire life.

(*Id.* at 9-10.) These are not factual allegations, but rather are conclusory statements and legal conclusions. What's more, they are never supported with factual allegations or tied to the specific claims alleged in the amended complaint. In short, the amended complaint fails to provide a short and plain statement putting Mosaic (and this court) on notice of Maxson's specific legal claims, and the facts supporting those claims.

### A. Retaliation under Title VII[4]

On her retaliation claim, the substance of Maxson's allegation appears to be that Mosaic retaliated against her by failing to consider her for other positions within Mosaic after she suffered injury to her knees. Title VII makes it unlawful "for an employer to discriminate against any of [its] employees or applicants for employment . . . because [she] has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e–3(a). To establish a prima facie case of retaliation, Maxson must prove: (1) she engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a causal connection between the two. *Bergene v. Salt River Project Agric. Improvement and Power Dist.*, 272 F.3d 1136, 1140-41 (9th Cir. 2001).

First, it is not clear from the amended complaint what protected activity Maxson believes she engaged in that caused Mosaic to retaliate against her. She makes reference to her filing a

---

[4] Maxson's First Cause of Action is entitled "Retaliation / Reprisal Including Related to Conspiracy Against Rights." (Dkt. #25 at 13.) In addition to asserting what appears to be a retaliation claim under Title VII, this section of the amended complaint also alleges:

> As a result of the inter-relatedness of all legal matters, how acts of discrimination and retaliation are also directly related to violations of the False Claims Act (NRS 357, 31 U.S.C. §§ 3729-3733), RICO Act [] (NRS 207.350-[]207.520, 18 U.S.C. §§ 1961-1968), Color of Law / Office (18 U.S.C. § 242) and Conspiracy Against Rights (18 U.S.C. § 241) violations, may become part of this legal matter either by virtue of the bringing forth of the evidence and testimony of same or possible consolidation of all legal matters if so advised as to be in Plaintiff's best interests to do so.

(*Id.* at 13-14.) It is unclear what Maxson is attempting to allege by this assertion. If Maxson wishes to bring other claims against Mosaic under any of these statutes, then those claims will need to be pleaded in the amended complaint and supported by factual allegations, in accordance with Rule 8.

workers' compensation claim and offers factual allegations related to that, but she never ties these allegations directly to her retaliation claim. (Dkt. #25 at 5-7.) She also references filing a NERC/EEOC charge, but does not tie this filing to Mosaic's alleged retaliation. (*Id.* at 9.) Additionally, Maxson alleges that she obtained knowledge and documentation that Mosaic was cheating its employees out of wages. (*Id.* at 8.) But again, this allegation is never tied to any specific claim in the amended complaint. Maxson also offers no factual allegations to show that there was a causal connection between her not being considered for other positions and whatever protected activity she believes she engaged in. Therefore, the amended complaint, as pleaded, has not stated a facially plausible claim for retaliation that would allow me to draw a reasonable inference that Mosaic is liable. I grant Mosaic's motion to dismiss this claim.

      B. *Disability Discrimination Under the ADA*

      To establish a prima facie case for failure to accommodate under the ADA, Maxson must show that: (1) she is disabled within the meaning of the ADA, (2) she is a qualified individual able to perform the essential functions of the job with reasonable accommodation, and (3) she suffered an adverse employment action because of her disability. *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012). Maxson alleges numerous times in the amended complaint that she has "bilateral knee injuries," however the amended complaint does not assert how or if this makes her a "disabled person" within the meaning of the ADA. Maxson also does not offer factual allegations to support that she is able to perform the essential functions of her job with reasonable accommodation. Specifically, Maxson does not state what the essential functions of her job were, nor does she explain what reasonable accommodation would have allowed her to perform that job.

      Maxson makes general allegations that Mosaic "ignored her medical restrictions" and refused to consider her "for any of the positions in any of the programs within Mosaic." (Dkt. #25 at 8.) However, she fails to explain what her "medical restrictions" are or how they affect her ability to perform the essential functions of her job. She also does not describe what Mosaic programs she was denied consideration for or if those positions would have been viable

alternatives, given her alleged medical restrictions. Because the amended complaint does not contain enough factual allegations to support a claim for relief, I grant Mosaic's motion to dismiss Maxson's claim of disability discrimination.

C. *Wrongful Termination*

Mosaic argues that Maxson is bringing a wrongful termination claim under Nevada law and the claim should be dismissed because: (1) it is time-barred by the statute of limitations and (2) it is preempted by Nevada's Employment Practices statute. Maxson does not address these arguments. However, in reviewing the amended complaint, it does not appear that Maxson is trying to assert a claim under Nevada law. Rather, she appears to be bringing a claim for discrimination under the ADA, alleging that she was wrongfully terminated because of her alleged disability. Indeed, she specifically cites to the ADA when alleging her claim of wrongful termination. (Dkt. #25 at 15.)

To state a prima facie case for discriminatory termination under the ADA, an employee is required to show that: (1) she was a disabled person within the meaning of the ADA; (2) she was a qualified individual, meaning she could perform the essential functions of her job; and (3) her employer terminated her because of her disability. *See Kennedy v. Applause*, 90 F.3d 1477, 1481 (9th Cir. 1996). Maxson's amended complaint is deficient as to her discriminatory termination claim for the same reasons as her failure to accommodate claim. Maxson fails to include sufficient facts to support that she is a disabled person within the meaning of the ADA or that she was able to perform the essential functions of her job. Maxson also fails to offer facts to support her assertion that she was fired because of her alleged disability. Maxson claims that the reason given for why she was fired was merely a pretext to hide the true discriminatory and retaliatory motive. But this is a legal conclusion, not a factual allegation. To survive a motion to dismiss, Maxson must put forth enough facts to show that her discriminatory termination claim is plausible on its face. I therefore dismiss this claim for the same reasons as Maxson's disability discrimination claim.

### D. Leave to Amend

Mosaic argues that I should deny Maxson leave to amend her complaint because she was previously allowed to amend her complaint. It also argues that all of Maxson's claims are preempted by the NIIA, Nevada's workers' compensation law, arguing that all of her claims are based on her workers' compensation proceedings. *See* N.R.S. § 616A.005 et seq. Thus, Mosaic contends that amendment would be futile. It also contends that it would be futile to amend her wrongful termination claim because it is time-barred by the statute of limitations.

In response, Maxson argues that she should be given leave to amend her complaint because there is no evidence of bad faith or undue delay, and because there would be no prejudice to Mosaic in amending. She further contends that amendment would not be futile because she claims to have sufficient facts to support her causes of action.

In determining whether to grant leave to amend, I ordinarily consider five factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the pleadings have previously been amended. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). While Maxson has amended her complaint once previously, that amendment was made to correct the defendant's name. (*See* Dkt. #21.) The situation here is notably different from the cases cited by Mosaic, where those plaintiffs were put on notice of the defects in their complaint but then failed to cure the defects when they amended the complaint. *See, e.g., Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008).

Mosaic asserts that it would be futile for Maxson to amend when all of her claims are barred by NIIA's exclusivity provision. Under the NIIA, the exclusive remedy for an employee "injur[ed] by accident sustained arising out of and in the course of the employment" is payment of medical expenses by the employer's workers' compensation insurance. N.R.S. § 616A.020. Maxson's amended complaint contains numerous factual allegations about her workers' compensation claim. Nevertheless, it does not appear that all of Maxson's claims are based on the workers' compensation proceeding. For example, her disability discrimination claim seems to be based on her contention that Mosaic failed to accommodate her medical restrictions resulting

from the accident. This claim is separate from any workers' compensation claim Maxson may have which would be governed by the NIIA. Therefore, the NIIA's exclusivity provision does not make amendment futile.

Nor does it appear that Maxson is bringing her wrongful termination claim under Nevada law. Therefore, the state law's statute of limitations does not make amendment futile. Finally, there is no evidence of bad faith, undue delay, or prejudice to Mosaic in allowing Maxson to amend to cure the defects outlined above. I grant Maxson's request for leave to amend the complaint.

In amending her complaint, Maxson is informed that the court cannot look to prior pleadings or filings to make her amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading or filing. I am aware that Maxson has filed various other documents with the court, asking that I take judicial notice of them. I cannot look to those documents or any other filings when determining whether her complaint has been sufficiently pleaded. Therefore, if there are facts or evidence which Maxson believes relevant to her claims, rather than referencing other filings, I inform her that she must put those facts directly in the amended complaint for them to be considered.

I also caution Maxson that she must abide by Rule 8, which requires that a complaint contain "a short and plain statement" of the plaintiff's claims. Maxson is cautioned that Rule 8 is violated when a complaint is needlessly long, highly repetitious, confused, or comprised of incomprehensible rambling. Thus, she should refrain from including in her amended complaint extraneous information unrelated to the actual claims at issue in this case.

E.  *Maxson's Motion to Strike*

Maxson moves to strike Mosaic's motion to dismiss. She contends that it contains intentionally false and inconsistent statements that are contradictory to previously established facts, and therefore the doctrine of judicial estoppel prevents Mosaic from asserting them.

Maxson does not explain or describe why Mosaic's motion to dismiss contains false or inconsistent statements. Rather, the 20-page motion to strike essentially consists of Maxson

quoting the standard for judicial estoppel and then copying into the brief numerous case summaries related to judicial estoppel and the court's inherent power to dismiss causes of action based on fraud. While Maxson lists out the statements from Mosaic's motion to dismiss that she alleges are false or inconsistent, she fails to explain why she believes they are false or inconsistent. I therefore deny Maxson's motion to strike the motion to dismiss.

    *F. Other Papers Filed by Maxson*

In addition to the motion to strike, Maxson has filed numerous other motions. Maxson moves to withdraw (Dkt. #49) her previous motion to take judicial notice of certain events which occurred in state court (Dkt. #41). I grant that motion.

Maxson also filed a motion to reconsider (Dkt. #50) Magistrate Judge Koppe's order (Dkt. #43) denying Maxson's emergency *ex parte* motion to file under seal (Dkt. #42). Maxson argues that she was not seeking a motion to file under seal, but rather a protective order that "removes the investigation of my Charge Kimberly Maxson v. H& R Block (NERC No. 1020-14-0578L / EEOC No. 34B-2014-01231) from NERC and transfers it to the EEOC outside of the state of Nevada." (Dkt. #50 at 9.) Maxson also requests an order "that prohibits the destruction of any documentation, evidence, etc (sic) in my files at NERC related to both Charges." (*Id.*)

I deny Maxson's request for a protective order to transfer her NERC and EEOC charges to the EEOC outside of Nevada as I do not have jurisdiction over those charges and cannot grant the relief requested. In addition, to the extent that Maxson is seeking an injunction to prohibit the destruction of her NERC files, she has not offered facts or arguments to meet the standard necessary to grant an injunction. Therefore, this request is also denied.

Maxson also filed an objection (Dkt. #83) to Magistrate Judge Koppe's order (Dkt. #78) denying Maxson's *ex parte* motion for fee accommodations regarding discovery (Dkt. #45) and *ex parte* motion for free PACER usage (Dkt. #46). She requests that I either strike Judge Koppe's order or instruct the court clerk to make her *ex parte* motions publicly available. I overrule her objections and I instruct Maxson that if she wishes to seek the relief requested in those motions,

then she should follow Judge Koppe's order and file the motions in accordance with the rules of this court and provide notice of them to Mosaic's counsel.

### IV.   CONCLUSION

IT IS THEREFORE ORDERED that Mosaic's motion to dismiss **(Dkt. #54) is GRANTED** and Maxson's motion to strike **(Dkt. #87) is DENIED**.

IT IS FURTHER ORDERED that the Maxson is granted leave to amend her complaint to cure the defects in her claims. Maxson must file the amended complaint within 30 days of entry of this Order.

IT IS FURTHER ORDERED that Maxson's motion to withdraw her previous motion **(Dkt. #49) is GRANTED** and Maxson's motion to take judicial notice **(Dkt. #41) is WITHDRAWN**.

IT IS FURTHER ORDERED that Maxson's motion to reconsider **(Dkt. #50)** and her objection to Magistrate Judge Koppe's order **(Dkt. #83) are DENIED**.

DATED this 7th day of March, 2016.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE