**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| KIMBERLY A. MAXSON, | Case No. 2:14-cv-02116-APG-NJK |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO SET ASIDE** |
| v. | |
| MOSAIC SALES SOLUTIONS HOLDING COMPANY LLC, | (ECF No. 96) |
| Defendant. | |

Plaintiff Kimberly Maxson moves to set aside portions of my prior order (ECF No. 94) on numerous grounds. I grant in part and deny in part her motion.

First, Maxson requests I set aside the portion of my prior order where I granted her motion to withdraw certain documents. Maxson argues I incorrectly interpreted her motion to withdraw both versions of identical documents instead of just one version of the identical documents. I grant her motion to set aside in part to make clear that her duplicative request for judicial notice at ECF No. 41 and her duplicative notice of related cases at ECF No. 48 are withdrawn, and her request for judicial notice at ECF No. 40 and notice of related cases at ECF No. 44 are the operative copies of those documents. To the extent she seeks a ruling on her request for judicial notice at ECF No. 40, I deny it. There is no operative complaint in this action so there is no reason to take judicial notice of any particular document at this time. Moreover, many of the documents Maxson attaches to her request are not subject to judicial notice and appear to be completely unrelated to the issues in this case. *See* Fed. R. Evid. 201, 401, 402.

Maxson also requests that the docket be notated to show this case as being related to case number 2:16-cv-00152-APG-CWH, *Maxson v. H&R Block, Inc*. That request is denied. *See* LR 42-1(a).

Next, Maxson requests that I reconsider the portion of my prior order denying her motion to strike or alternatively she seeks additional time to present more evidence in support of her

previously filed motion to strike.  That portion of her motion to set aside is denied because there is no basis for reconsideration. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Next, Maxson asserts Judge Koppe should recuse herself.  That portion of her motion to set aside is denied without prejudice to Maxson filing a separate motion seeking Judge Koppe's recusal. *See* 28 U.S.C. §§ 144, 455.

Finally, Maxson requests that if I do not strike the defendant's motion to dismiss, that she be given additional time to obtain counsel.  That portion of her motion is denied.  Maxson has had ample time to obtain an attorney in this case, and she may continue to seek counsel.  I will not delay this case while she undertakes that effort.

Maxson has until February 6, 2017 to file her amended complaint.  Failure to do so will result in dismissal of this case without prejudice.  As I previously advised Maxson, the court cannot look to prior pleadings or other filings to make her amended complaint complete.  Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading or filing.  Therefore, if there are facts or evidence which Maxson believes relevant to her claims, rather than referencing other filings she must allege those facts directly in the amended complaint for them to be considered.

I also caution Maxson that she must abide by Federal Rule of Civil Procedure 8, which requires that a complaint contain "a short and plain statement" of the plaintiff's claims.  Maxson is cautioned that Rule 8 is violated when a complaint is needlessly long, repetitious, confused, or comprised of incomprehensible rambling.  Additionally, she should refrain from including in her amended complaint extraneous information unrelated to the actual claims at issue in this case.

IT IS THEREFORE ORDERED that plaintiff Kimberly Maxson's motion to set aside **(ECF No. 96) is GRANTED in part and DENIED in part**.  The motion is granted to clarify that ECF Nos. 41 and 48 are withdrawn and ECF Nos. 40 and 44 are the operative versions of the request for judicial notice and notice of related cases.  The motion is denied in all other respects.

IT IS FURTHER ORDERED that plaintiff Kimberly Maxson shall file an amended complaint on or before February 6, 2017.  Failure to do so will result in dismissal of this action without prejudice.

DATED this 5th day of January, 2017.

                                                ANDREW P. GORDON
                                                UNITED STATES DISTRICT JUDGE